**KENTUCKY PUBLIC SERVICE COMMISSION, Appellant,**

v.

**CUMBERLAND FALLS HIGHWAY WATER DISTRICT, Appellee.**

**No. 90–CA–1812–MR.**

Court of Appeals of Kentucky.

August 14, 1992.

Susan Mastin Scott, Rebecca Woodside Goodman, Frankfort, for appellant.

James M. Honaker, Frankfort, for appellee.

Before HAYES, HOWERTON and SCHRODER, JJ.

HAYES, Judge:

The single issue in this appeal is whether the circuit court erred in concluding that KRS 278.015 and 807 KAR 5:068 permit a water district to automatically pass through to its ratepayers sums agreed to in settlement when those sums represent arrearages in water costs accrued over the 19 months preceding the district's filing with the Public Service Commission (PSC) for the automatic increases. We find no error in the decision of the Franklin Circuit Court and affirm its decision.

The facts precipitating this appeal are simple and undisputed. Appellee's wholesale water supplier, the City of Williamsburg, notified appellee that its wholesale rate for water would increase in August 1986. The appellee water district refused to pay the increased charges. The city again notified appellee of an increase in April 1987, and the district again refused to pay the increased charge. A civil action was then instituted by the city to recover past due amounts for water purchased. In November 1988, the city and appellee district reached an agreement whereby penalty charges on past due amounts would be forgiven and the sum of $36,429.00 would settle the pending suit. On December 16,

1988, the district filed a revised tariff with the PSC increasing its rates to reflect increased purchased water costs pursuant to KRS 278.015 and 807 KAR 5:068. The PSC allowed prospective collection of increased purchased water costs to be passed through to the district's customers but rejected an automatic pass-through of the 19–month accumulated arrearage, ordering that recovery of the water costs related to the settlement would have to be made through a second filing.

After the denial of a petition for reconsideration, the district appealed to the Franklin Circuit Court which initially entered an order holding, among other things, that the commission was correct in its interpretation that KRS 278.015 "does not permit a water district to apply for a purchased water adjustment more than a year after receipt of the supplier's notice of an increased rate and when those costs have been reduced to a settlement agreement from a court action which may include costs other than those incurred in the purchase of water."

Upon motion for reconsideration, the circuit court reversed itself holding that "... the non-profit water district should be allowed in its rate tariff to recover accumulated costs of water paid to its supplier, both obligations having resulted from the same settlement agreement simultaneously terminating litigation between Cumberland and the supplier." The trial court specifically held that a separate proceeding before the PSC on the arrearage was not necessary. The case was remanded to the PSC for an order allowing the district to collect from its customers the sum of $4,050.00 each month for a nine-month period in addition to its otherwise effective tariff. Unhappy with this turn of events, the PSC prosecuted this appeal.

The resolution of this controversy rests with an analysis of the automatic pass-through provision of KRS 278.015 which provides:

Notwithstanding any of the provisions of KRS Chapter 74, any water district, combined water, gas or sewer district, or water commission shall be a public utility and shall be subject to the jurisdiction of the public service commission in the same manner and to the same extent as any other utility as defined in KRS 278.-010 except:

. . . .

(2) When a wholesale supplier selling water to a water district, combined water, gas or sewer district, or water commission increases its rates, the water district, combined water, gas or sewer district shall have the authority to increase its rates commensurate with the wholesale supplier without prior approval by the commission.

Within twenty (20) days after any such increase in rates, the district shall file its revised tariffs with the commission, together with a copy of the notice from its wholesale supplier showing the increase in the rate charged to the utility, and a statement of the volume of purchased water used to calculate the increase in rates. The commission shall approve the filing or establish revised rates by order no later than thirty (30) days after the above documents are filed with it. Prior to or at the time of the first billing of the new rates, the district shall give notice to its customers of the increase.

The rationale for this exception is founded in the character of water districts, as noted in *Public Service Commission v. Dewitt Water District*, Ky., 720 S.W.2d 725, 731 (1986):

It is important to remember that this case involves water districts which are non-profit utilities organized under Chapter 74 of the Kentucky Revised Statutes. The owners and consuming ratepayers are essentially the same individuals because the districts are political subdivisions of county government. They have no private capital and no corporate investors who must be satisfied as to traditional profits. Their rates do not generate a return on rate base.

. . . .

The water district's sole concern is continuous water service to its members and consumers who are one and the same.

The PSC argues that the exception set out in KRS 278.015 is narrowly drawn and must be very strictly construed to allow the automatic pass-through only to those increases in costs of purchased water which are incurred within 20 days of supplier notice. The PSC predicts that any other construction would invite fiscal irresponsibility on the part of the water districts which subjects their customers to the danger of having to bear the burden of the paying present costs as well as substantial sums which are past due.

While this argument is not without appeal, we are convinced that the decision of the circuit court is correct. The water district in this case resisted the attempt of its supplier to increase rates, hardly an act of fiscal irresponsibility. When at last through an agreed settlement the increase in water costs became a fait accompli, the water district in one filing relating to one increase sought the automatic pass-through of the present costs and accumulated arrearages. The circuit court found this method to be consistent with the allowance of recovery of ongoing purchased water costs and we concur in that assessment.

The PSC strenuously argues that it has never denied recovery of the accumulated arrearage, only that it must be sought in a separate filing. In our opinion, a separate filing which would necessitate a full-blown rate case cannot be considered an option equal to the utilization of the exception provided in KRS 278.015. The legal fees and costs associated with preparation of a full-blown rate case would quickly make recovery of the arrearage a nullity, if not a negative proposition.

We are confident that the allowance of the pass-through for this accumulated arrearage does no violence to the intent of KRS 278.015, to the statutory framework of which that section is a part, or to the fiscal responsibility of the various water districts. We therefore affirm the order of the Franklin Circuit Court remanding this case to the Public Service Commission.

The motion to cite additional nonpublished authority was denied orally from the bench. This ORDER formalizes that denial.

All concur.